WILLIAM M. CHITWOOD, Appellee, v. F. D. LANNING et al., Appellees; G. C. BENNETT, Intervener, Appellant.

No. 42842.

NOVEMBER 20, 1934.

H. S. Life, for appellant.

Devitt, Eichhorn & Devitt, and Stipp, Perry, Bannister & Starzinger, for appellees.

CLAUSSEN, J.—The city of Oskaloosa duly established and erected a municipal waterworks plant. In conformity with law, the management of such plant was placed in charge of trustees. Defendants are such trustees. It is proposed to make extensions and improvements to said plant. It is proposed to issue bonds in an amount sufficient to pay for such proposed work, payable only out of the earnings of the plant, which bonds shall be secured by lien upon *all* net earnings of the waterworks plant and upon *only* the improvements to be constructed and installed.

Plaintiff and intervener seek to restrain such acts on the part of the trustees.

Appellant says the appeal brings two questions before the court:

1. May the trustees of a municipally owned waterworks plant enter into contracts for the extension and improvement of the plant, to be paid for solely out of future net earnings of the entire plant, and issue bonds, payable out of such net earnings and secured by lien on the net earnings of the plant and the extensions and improvements, without submitting such matters to the voters of the city and securing the affirmative vote of a majority of the electors voting therein?

2. Does pledging the net earnings of the entire plant and the contemplated works create a debt of the city such as is unauthorized unless approved by a majority of voters in an election on the question?

I. The power of the trustees to carry on the proposed works on account of their character cannot be doubted (Code, section 6158), and is not questioned. Under the provisions of chapter

158, Acts of the Forty-fourth General Assembly, incorporated in the Code of 1931 as sections 6134-d1 to 6134-d7, the city is given power to pay for extensions and improvements to the plant solely out of the future net earnings of the plant. Concerning the power of the legislature to grant such power to the city, no question is raised. The real contention is that, in view of other provisions found in chapter 312 of the Code of 1931, the legislature has not granted such power to the city. It is sought to sustain this contention by the decisions of this court in Muscatine Lighting Company v. City of Muscatine, 205 Iowa 82, 217 N. W. 468; Mote v. Incorporated Town of Carlisle, 211 Iowa 392, 233 N. W. 695; and Fowler v. Board of Trustees, 214 Iowa 395, 238 N. W. 618. Neither the statutes nor the cited cases sustain the contention. It is conceded by appellees-trustees that they cannot go beyond the acts authorized by Code, sections 6134-d1 to 6134-d7, unless empowered so to do by an election, and this is, in effect, the holding of the cited cases. But clearly the trustees may go as far as they have been authorized to proceed by the legislature. This court has strictly limited cities, in matters of this kind, to the exercise of powers conferred by the legislature, but it has not restricted cities from the exercise of powers lawfully granted to them by the general assembly, and it cannot do so. By Code, section 6134-d1, the trustees, who exercise the powers of the city in relation to the waterworks plant, are authorized to pay for improvements and extensions to the plant out of future earnings of the plant, and are authorized to secure payment by a pledge of such net earnings and the proposed works. The instruments creating the liens may undoubtedly be "revenue" bonds, and other appropriate instruments. We are at a loss to know why the trustees may not exercise the powers so conferred.

But it is said that the trustees may not do so because it is provided by Code, section 6134-d3, that a plant may not be *established* unless authorized by an election as required by Code, section 6131. Clearly a plant could not be established, under the sections of the Code under consideration, without such election. But the trustees do not propose to establish a plant. The city has a plant. It need not establish one. It must be noted that Code, section 6134-d1, authorizes the trustees to pay for any such plant, improvement, or extension thereof, out of future earnings, while Code, section 6134-d3, provides only that a plant shall not be *established*

without an election. We think this selection of language is significant of discrimination in the acts authorized in one section and prohibited in the other. We hold that the trustees may proceed with the contemplated work without first submitting the matter to the voters.

II. The question whether the proposed bonds may constitute a *debt* of the city is of no great importance in view of the allegations of the petition that the present debt of the city is $271,000, and its constitutional debt limit is $383,672, for the contemplated expenditures, even though a *debt,* would not nearly equal the difference between the debt and the debt limit. Still the contention is urged that the obligation will be a debt, and consequently can only be incurred when authorized at an election. Within the limits permitted by the Constitution, the legislature may authorize a city to incur a debt with or without an election. We have held in the first division of this opinion that the legislature has authorized the work to be done in the manner proposed and payment to be made therefor as contemplated. In truth, but one question is raised by the appeal. It is not, what can the legislature authorize the city to do? It is, what *has* the legislature authorized the city to do?

It may be noted in passing that we have held that obligations of the kind under consideration are not debts of the kind within the meaning of article XI, section 3, of the Constitution. Wyatt v. Town of Manning, 217 Iowa 929, 250 N. W. 141.

The decrees of the trial court are affirmed.—Affirmed.

MITCHELL, C. J., and EVANS, STEVENS, ANDERSON, and KINTZINGER, JJ., concur.